**In re HILYARD DRILLING COMPANY, INC..**

**WORTHEN BANK & TRUST CO., N.A., Plaintiff-Appellee,**

v.

**HILYARD DRILLING CO., INC. and National Bank of Commerce of El Dorado, Defendants-Appellants.**

**No. 86–1052.**

United States District Court, W.D. Arkansas, El Dorado Division.

Oct. 14, 1986.

See also, Bkrtcy., 60 B.R. 500.

Audrey Evans, Wright, Lindsey & Jennings, Little Rock, Ark., for Trustee.

John M. Jewell, House, Wallace, Nelson & Jewell, P.A., Little Rock, Ark., for Creditor's Committee.

Eugene G. Sayre, Mitchell, Williams, Selig, Jackson & Tucker, Little Rock, Ark., for defendants-appellants.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

This appeal arises from a final order denying an Application for Approval of Sale of Personal Property Free and Clear of Liens and Authority for Sale of Personal Property in Ordinary Course of Business filed by the debtor Hilyard Drilling Company, Inc., (Hilyard) by the Bankruptcy Court for the Western District of Arkansas.[1] Jurisdiction is based upon 28 U.S.C. § 128.

Beginning January 30, 1985 through August 30, 1985, and after the filing of its petition for relief under Chapter 11 of the Bankruptcy Code, Hilyard negotiated and consumated the sales of used vehicles and equipment, much of which was out-of-service. The cumulative sum received by Hilyard from the sales exceeded $60,000. The proceeds from the sales were deposited into Hilyard's general operating account. These sales were without notice to creditors and without a hearing.

On September 25, 1985, Hilyard sought an Order approving these post-petition sales of personal property. This personal property constituted assets of the bankruptcy estate. At the time of the sales,

---

1. The Honorable James G. Mixon, Judge.

Hilyard was operating its business as a debtor-in-possession.[2]

On November 25, 1985, subsequent to his qualifying as Trustee in early October, 1985, Mr. Scott filed a Motion for Order Dispensing with Notice of Sale and Order Thereon. The notice was to inure to the benefit of the creditor's committee and its attorney only. This motion was granted by the Bankruptcy Court.

In its ruling on Hilyard's motion, the Bankruptcy Court found that, despite testimony that Hilyard had in the past sold used vehicles on occasion in a manner consistent with the sales now in question, Hilyard's business was "the sale of drilling services related to the oil and gas industry." Bankruptcy Court Opinion at page 3. The Bankruptcy Court further found that Hilyard was not in the business of selling vehicles and equipment. Thus, under the provisions of 11 U.S.C. § 363(c)(1), the sales were not authorized as being in the ordinary course of its business.

This Court's review of the Bankruptcy Court's decision is limited in nature. Pursuant to Rule 8013 of the Official Bankruptcy Rules, this Court will not set aside the bankruptcy Court's findings unless the findings are clearly erroneous.

After having reviewed the record, the Court is of the opinion that the matter can be disposed of on one issue, whether the sales in question were in the ordinary course of Hilyard's business. Although Hilyard devotes substantial attention to an attack on the Bankruptcy Court, the Court views debtor's rhetoric as being without merit, either in law or fact.

Pursuant to 11 U.S.C. § 1107, a debtor in possession is seized of all rights, powers, duties and functions of a trustee appointed by the bankruptcy court. The debtor, the same as a trustee, is allowed to operate its business without orders from the court. 11 U.S.C. § 1108. Herein, debtor was authorized to operate its business in such a manner, prior to the appointment of the trustee. Section 363(c)(1) of Title 11 provides that if the business is being operated under § 1108 and unless the court orders otherwise, the debtor-in-possession or trustee may enter into transactions including the sale or lease of estate property, in the ordinary course of business, without notice or a hearing.

The debtor contends that the testimony adduced at the hearing clearly established that the sales were in the normal course of its business. The evidence did show that over its twenty-plus years of operation Hilyard would from time to time sell excess, used vehicles and equipment. These sales were never formally advertised or made pursuant to public auction. Rather, according to debtor, it would merely place vehicles near the street adjacent to its place of business, with "For Sale" signs in the windshields. Passers-by would stop and inquire about the vehicles. Thus, debtor contends that this was their normal course of doing business.

However, this Court is not persuaded that the language of § 363 can be construed as broadly as debtor asserts. The language "ordinary course of business" has been interpreted to embrace the reasonable expectations of interested parties of the nature of transactions that the debtor would likely enter in the course of its normal, daily business. *In Re James A. Phillips, Inc.*, 29 B.R. 391 (S.D.N.Y.1983) Thus, under § 363 creditors are not entitled to notice or a hearing on a transaction where the transaction is consistent with the creditors' expectations. A finding that these sales were not consistent with the expectations of creditors is not clearly erroneous.

Here, as found by the Bankruptcy Court, debtor's business pertains to seismic drilling in the natural resources development field. Debtor contracted to perform drilling and seimological testing. The realm of its business does not extend into the sales of used vehicles and equipment. Therefore, the Court concludes that the Bankruptcy Court's findings in setting aside the

2. The Bankruptcy Court appointed the Honorable Issac A. Scott as Trustee in the time between the filing of Hilyard's Application for Sale, ect., and its ruling on the Application.

sales are supported by the facts and the law.

This finding is buttressed by debtor's own statement in its brief that "Ray A. And Betty Ann Hilyard have been involved in the specialty 'shot hole' drilling business at El Dorado, Arkansas, for more than 30 years." Debtor's brief at 3, 4. Further, debtor describes that it is "engaged in 'specialized' contract drilling of seismic 'shot hole' for major petroleum companies." Debtor's brief at 4.

Under the facts in this case as have been developed by the Bankruptcy Court, that Court's actions are strongly supported. Mr. Ray Hilyard, while continuing to operate as debtor-in-possession prior to appointment of Mr. Scott as Trustee, drew a salary of $22,000.00 per month. The company operated at a grave deficit. The selling of estate assets and the placing of such funds in the general operating account, from which Mr. Hilyard's salary as well as other expenses and costs was paid, prejudiced unsecured creditors. Further, the sales price was affixed by Mr. Hilyard. Such price was established at his discretion. Creditors had no input into the valuation of these assets.

Under the subsequent Order of the Bankruptcy Court granting the Trustee's motion, certain listed vehicles and equipment may be sold without notice to individual creditors. It is important to note that such sales are not in the ordinary course of business sales, without notice or hearing. Rather, the sales are with limited notice, in the interest of the bankrupt estate and creditors. There are specific guidelines which with the Trustee must comply, i.e., notice to creditors committee and its attorney; notice to any lienholder; if the lienholder objects to the sale the sale must be noticed; the sales price must be not less than the appraised minimum value; the funds are placed in the Trustee's account for benefit of unsecured creditors where there is no lien on the item; and where a lien exists, the lien attaches to the proceeds from the sale. Such safeguards afford creditors protection that the debtor ignored.

In summary, the Court concludes that the findings of the Bankruptcy Court are not clearly erroneous. Therefore, the Order of the Bankruptcy Court denying Hilyard's Motion and Application for Sale, ect., should be affirmed in all respects and the appeal should be dismissed.

A separate Judgment shall be entered contemporaneously herewith.