**In re Joseph WATFORD, Doris Watford.**

**Joseph WATFORD, et al., Appellants,**

**v.**

**SOUTH CENTRAL FARM CREDIT, ACA, Successor in Interest to Federal Land Bank of Columbia, Appellee.**

**Civ. A. No. 93–40–VAL (WDO).**

United States District Court, M.D. Georgia, Valdosta Division.

Oct. 1, 1993.

Richard Joseph Tuneski, Marietta, GA, for appellants.

J. Carol Sherwood, Jr., Valdosta, GA, for appellee.

OWENS, Chief Judge:

Before the court is an appeal by Joseph Watford and Doris Watford of two orders issued by the United States Bankruptcy Court for the Middle District of Georgia. Appellants present the following issues for review on appeal: (1) whether the bankruptcy court erred by ruling that appel-

lants' sale of top soil was not in the ordinary course of business pursuant to 11 U.S.C. § 363; (2) whether the bankruptcy court erred by ruling that appellant could not provide adequate protection pursuant to 11 U.S.C. § 1205(b); and (3) whether the bankruptcy court erred by granting appellee's motion for relief from stay pursuant to 11 U.S.C. § 362(d)(1) and (2). After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court makes the following conclusions of law.

### FACTS

In 1987 appellants filed this case under Chapter 12 of the Bankruptcy Code. Pursuant to their application under Chapter 12, appellants became debtors-in-possession of their farm land, which was subject to a security interest in favor of appellee. In 1991, appellants filed a motion for use of cash collateral. The bankruptcy court denied this motion and appellants appealed. Subsequently, the order was affirmed by the Eleventh Circuit Court of Appeals. In August 1992, the bankruptcy court ordered appellants to file a reorganization plan. The plan submitted by appellants was found to be ineffective. Appellants did not submit another plan.

In October or November of 1992, appellants began to sell top soil off the farm land pledged to appellee, without appellee's knowledge or consent. Appellee subsequently discovered that appellants were selling the top soil and applied for and was granted an injunction by the bankruptcy court. Appellants then moved the court for use of cash collateral. In response, appellee moved the court for relief from stay. The bankruptcy court denied appellants' motion for use of cash collateral and granted appellee's motion for relief from stay. In denying appellants' motion, the court found that because the sale of top soil was outside the ordinary course of business, appellant was required to have first filed a motion for cash collateral before removing the top soil. Further, the court held that because appellant was unable to offer appellee adequate protection

of appellee's interest in the property, appellant was not entitled to use of cash collateral.

### DISCUSSION

Appellant has raised the following issues in this appeal:

(1) whether the bankruptcy court erred by ruling that appellants' sale of top soil was not in the ordinary course of business pursuant to 11 U.S.C. § 363;

(2) whether the bankruptcy court erred by ruling that appellant could not provide adequate protection pursuant to 11 U.S.C. § 1205(b); and

(3) whether the bankruptcy court erred by granting appellee's motion for relief from stay pursuant to 11 U.S.C. § 362(d)(1) and (2).

The court will address each issue in the following discussion.

I. WHETHER THE BANKRUPTCY COURT ERRED BY RULING THAT APPELLANTS' SALE OF TOP SOIL WAS NOT IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C. § 363.

■ Section 363(c)(1) of the Bankruptcy Code states, "[a] trustee may enter into transactions, including the sale or lease of property of the estate, *in the ordinary course of business*, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C.A. § 363(c)(1) (1993) (emphasis added). "The language 'ordinary course of business' has been interpreted to embrace the reasonable expectations of interested parties of the nature of transactions that the debtor would likely enter in the course of its normal, daily business." *In re Hilyard Drilling Co.*, 74 B.R. 5, 6 (W.D.Ark.1986).

As found by the bankruptcy court, appellee had a security interest in the top soil on the property in possession of appellants. A party maintaining a security interest in farm land could reasonably expect that the top soil on the property would not be removed by a debtor-in-possession absent notice and an opportunity to be heard. The

sale of top soil by appellants fell outside the reasonable expectations of appellee as a secured party and, therefore, falls outside the ordinary course of business. The decision of the bankruptcy court that the sale of top soil was outside the ordinary course of business is **AFFIRMED.**

## II. WHETHER THE BANKRUPTCY COURT ERRED BY RULING THAT APPELLANT COULD NOT PROVIDE ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 1205(b).

■ Section 1205(b)(1) of the Bankruptcy Code states:

In a case under this chapter, when adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by ... requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay ... results in a decrease in the value of property securing a claim or of an entity's ownership interest in property[.]

11 U.S.C.A. § 1205(b)(1) (1993). Appellants contend that they could provide adequate protection through the proceeds derived from the sale of top soil. Through the sale of top soil, appellants would make "periodic cash payments" to appellee and, therefore, meet § 1205's requirement of adequate protection. The bankruptcy court found that appellants could not provide adequate protection because the inadequate accounting procedures used by appellants frustrated the ability of the court and appellee to properly monitor the sale of top soil and the subsequent disbursement of the proceeds. Appellants apparently conducted business strictly in cash and without the use of a bank account. In addition, according to the bankruptcy court, appellants' monthly reports and year-to-date figures were often inadequate, inconsistent and, at times, nonexistent. The bankruptcy court noted, however, that if appellants were able to establish acceptable accounting procedures, the court might then approve a sale outside the ordinary course of business. This court finds no reason to disturb the holding of the bankruptcy court. Considering the history of this case and appellants' persistent unwillingness to employ proper accounting procedures, the bankruptcy court correctly held that appellants could not offer adequate protection of appellee's interest. Accordingly, the decision of the bankruptcy court that appellants could not provide adequate protection is **AFFIRMED.**

## III. WHETHER THE BANKRUPTCY COURT ERRED BY GRANTING APPELLEE'S MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND (2).

■ Section 362(d) of the Bankruptcy Code states:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(a) the debtor does not have an equity in such property; and

(b) such property is not necessary to an effective reorganization.

11 U.S.C.A. § 362(d) (1993). In reviewing the decision of a bankruptcy court to grant a motion for relief from stay under § 362(d)(1), this court is required to apply an abuse of discretion standard. *In re Fischer*, 136 B.R. 819, 824 (D.Alaska 1992). The decision to grant the same motion under § 362(d)(2), however, is not committed purely to the discretion of the bankruptcy court. *In re Fischer*, 136 B.R. at 824. The language of the section mandates that the court "shall" grant the motion if the conditions in § 362(d)(2)(a) and (b) are satisfied. *Id.* "The decision must rest on findings of fact which are, however, subject to a review under a clearly erroneous standard." *Id.*

### A. Section 362(d)(1)

Appellants contend that because they can provide adequate protection of appellee's interest in the secured property, that the bankruptcy court erred in granting the motion for relief from stay under § 362(d)(1) for cause. As discussed above, however, this court affirmed the bankruptcy court's holding that appellants could not provide adequate protection. Accordingly, the decision of the bankruptcy court to grant appellee's motion for relief from stay pursuant to § 362(d)(1) is **AFFIRMED.**

### B. Section 362(d)(2)

Appellants contend that the bankruptcy court erred in finding that they have no equity in the property and that the property was not necessary to an effective reorganization. As noted above, a bankruptcy court's finding of fact is not to be disturbed unless clearly erroneous. After a careful review of the record, this court finds no basis for disturbing the bankruptcy court's finding that appellants have no equity in the subject property.

To grant a motion for relief from stay under § 362(d)(2), however, the court must also find that the property is not necessary to an effective reorganization. In order to establish that the property is necessary to an effective reorganization, a debtor must show " 'a reasonable possibility of a successful reorganization within a reasonable time.' " *United Savings v. Timbers of Inwood Forest,* 484 U.S. 365, 376, 108 S.Ct. 626, 633, 98 L.Ed.2d 740 (1988). As the record indicates, appellants have been unwilling and unable to offer a plausible plan for reorganization. The bankruptcy proceedings in this case began in 1987. In the years since, appellants have yet to propose a reorganization plan with any reasonable possibility of success. Further, it does not appear that appellants are capable of producing a successful reorganization plan within the near future. As the bankruptcy court noted, mere "hope" is not enough. Accordingly, the decision of the bankruptcy court to grant appellee's motion for relief from stay under § 362(d)(2) is **AFFIRMED.**

### CONCLUSION

The order of the bankruptcy court denying appellants' motion for use of cash collateral is **AFFIRMED.** Further, the order of the bankruptcy court granting appellee's motion for relief from stay is **AFFIRMED.**

**SO ORDERED.**